UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TANYA ZABORSKY,

                      Plaintiff,

          - against -

U.S. DEPARTMENT OF EDUCATION,
FEDERAL OFFSET UNIT; and U.S.
DEPARTMENT OF TREASURY, BUREAU
OF FISCAL SERVICE,

                      Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-2836 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

       On May 6, 2019, Plaintiff Tanya Zaborsky ("Plaintiff"), proceeding *pro se*, filed this action against the United States Department of Education, Federal Offset Unit ("DOE"), and the United States Department of Treasury, Bureau of Fiscal Service ("DOT") (collectively, "Defendants"), challenging the garnishment of her disability income. (*See* Complaint ("Compl."), Dkt. 1.) Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. (*See* Motion for Leave to Proceed *In Forma Pauperis*, Dkt. 2.) For the reasons stated below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

       The complaint alleges Plaintiff's disability income is exempt from garnishment to satisfy Plaintiff's non-tax federal debt. (*See* Compl., Dkt 1, at ECF[1] 4–5, 7.) Attached to the complaint, however, is a letter from DOT dated April 3, 2019 informing Plaintiff that DOT applied $211.65 from her most recent $1,411 payment from the Social Security Administration in order to pay a

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

debt Plaintiff owes to DOE. (*Id.* at ECF 7.) The letter instructs Plaintiff that if she has questions about her debt or the Treasury Offset Program, she may contact DOE, consult DOT's website, or call 1-800-304-3107. (*Id.*) The complaint further states that Plaintiff cannot afford to have her disability income reduced as it is her only source of income, and that she has tried "calling to work something out" but "it's impossible to get through to them." (*Id*. at ECF 5.)

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, federal courts give "extra leeway" to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191–93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

**DISCUSSION**

The complaint is light on detail. In it, Plaintiff does not identify her debt as a student loan, does not dispute the debt, and does not allege that she did not receive notice of her debt from DOE. Nor does Plaintiff directly request that the Court stop Defendants' garnishment of her Social Security payments; she simply states that she "can't afford $200.00 taken out of my disability money" and that it has been "impossible to get through to [Defendants]." (Compl., Dkt. 1, at ECF 6.) Nevertheless, the Court understands the complaint to seek an Order enjoining Defendants from further garnishment of Plaintiff's disability income. The Court, however, cannot intervene in the manner Plaintiff appears to seek.

"Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "[W]aivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). Because Plaintiff has named DOE as a Defendant, the Court infers that a student loan debt is at issue. The Higher Education Act ("HEA"), 20 U.S.C. § 1070 *et seq.*, waives sovereign immunity for certain claims against DOE related to the enforcement of federal student loan provisions, but it specifically limits federal courts' authority by prohibiting the issuance of an "attachment, injunction, garnishment, or other similar process" against the Secretary of DOE. *See* 20 U.S.C. § 1082(a)(2).

The HEA's prohibition on injunctive relief does not apply, however, if the Secretary of DOE has exceeded her statutory authority. *See Jones v. U.S. Dep't of Educ.,* No. 09-CV-88 (BSJ), 2010 WL 10092765, at *7 (S.D.N.Y. Feb. 1, 2010) (citing *Shabtai v. U.S. Dep't of Educ.*, No. 02-CV-8437 (LAP), 2003 WL 21983025, at *7 (S.D.N.Y. Aug. 20, 2003)). Under the HEA, the

Secretary may garnish the income of an individual who has stopped repaying a student loan debt, so long as the proper procedures are followed. *See* 20 U.S.C. § 1095a; *see also Jones v. U.S. Dep't of Educ.*, No. 08-CV-4404 (JS) (ARL), 2010 WL 2710624, at *3 (E.D.N.Y. July 6, 2010) ("DOE ha[s] every statutory right to garnish [the plaintiff's] wages and offset his student loan debt from his Social Security benefits." (citing, *inter alia*, 20 U.S.C. § 1095a)). Thus, if Defendants followed the proper statutory procedures in garnishing a defaulted borrower's wages, federal courts may not enjoin them from garnishment.

The HEA sets out the proper procedure for garnishment. When a borrower stops repaying her student loans, the government is required to give the borrower written notice of its intent to garnish her income. *See* 20 U.S.C. § 1095a(a)(2). The written notice must explain how the borrower may request a hearing if she wants to challenge the existence or amount of the debt and the terms of repayment. *See* 20 U.S.C. § 1095a(a)(2), (5). This procedure satisfies due process. *See Gaddy v. U.S. Dep't of Educ.*, No. 08-CV-573 (DLI) (LB), 2010 WL 1049576, at *4 (E.D.N.Y. Mar. 22, 2010).

Here, Plaintiff has not alleged that DOE failed to follow the procedures established by the HEA in § 1095a. Plaintiff has not provided the original Notice of Wage Garnishment,[2] but the

---

[2] Because Plaintiff does not include the Notice of Wage Garnishment, it is unclear whether she may still request a hearing to challenge the garnishment. If Plaintiff requests a hearing and disagrees with the final decision after the hearing, she may then file a complaint in federal district court pursuant to the Administrative Procedure Act ("APA"). *See Sanon v. Dep't of Higher Educ.*, No. 06-CV-4928 (SLT) (LB), 2010 WL 1049264, at *4 (E.D.N.Y. Mar. 18, 2010) (finding that a *pro se* plaintiff may seek injunctive relief from garnishment by DOE under the APA); *see also Lipkin v. U.S. Sec. & Exch. Comm'n*, 468 F. Supp. 2d 614, 621 (S.D.N.Y. 2006) (finding that the APA provides a limited waiver of sovereign immunity for "suits seeking non-monetary relief against agencies and officers of the United States"). However, for such a suit under the APA to be viable, Plaintiff would have to allege facts showing that DOE's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[] . . . [or] is unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E); *see also Sanon*, 2010 WL 1049264, at *4.

April 3, 2019 letter that Plaintiff has attached to her complaint states that DOE "must send notice to you at the address in its records" before involving DOT in debt collection. (Compl., Dkt. 1, at ECF 7.) The letter further states that the notice sent by DOE must "explain[] the amount and type of debt [Plaintiff] owes, the rights available to [Plaintiff], and [DOE's] intention to collect the debt by applying eligible federal payments made to [Plaintiff.]" (*Id.*) Such a notice satisfies the requirements of the HEA. *See* 20 U.S.C. § 1095a(a)(2). Absent allegations to the contrary, the Court will not presume that Plaintiff failed to receive the required notice and opportunity to respond.[3] *Cf. Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (finding that a similar notice provided indications that DOE properly initiated garnishment proceedings). Moreover, Plaintiff is simply incorrect that her disability income is exempt from garnishment. Indeed, "Congress expressly authorized such offsets." *Jones v. U.S. Dep't of Educ.*, 2010 WL 2710624, at *4; *see also Lockhart v. United States*, 546 U.S. 142, 146 (2005) (stating that "the Debt Collection Improvement Act clearly makes Social Security benefits subject to offset" to pay off student loan debt).

Because Defendants appear to have properly initiated garnishment proceedings against Plaintiff, there is no basis for this Court to enjoin the garnishment of Plaintiff's disability income. *Cf. Gaddy*, 2010 WL 1049576, at *4. Accordingly, Plaintiff's request for this Court's intervention to stop the garnishment of her wages is hereby denied.

---

[3] If Plaintiff did not receive the original Notice of Wage Garnishment, then she is entitled to request it. DOE's failure to provide it might be grounds for a due process claim in federal court. If Plaintiff never received the original Notice of Wage Garnishment, she may move to reopen this case, and DOE will have a chance to respond by presenting evidence that the Notice was sent to Plaintiff.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 29, 2019
      Brooklyn, New York